UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

MICHAEL RIOS, *individually and on behalf of others similarly situated*,

Plaintiff,

-against-

223 WEST CORP.; 692 10TH AVENUE LLC; IT'S HIM LLC, solely as a successor-liability defendant; MICHAEL J. MCGRAIL; ROBERT S. BARBERO; JOSEPH J. FONTECCHIO; RONALD ANDERSON; JOHN DOE "FRANCO"; JOHN DOES 1–10; and JOHN DOE SUCCESSOR ENTITIES 1–10,

Defendants.

**COLLECTIVE AND CLASS ACTION COMPLAINT AND JURY DEMAND**

**JURY TRIAL DEMANDED**

Plaintiff Michael Rios ("Plaintiff"), by and through his attorneys, for his Collective and Class Action Complaint against Defendants 223 West Corp., 692 10th Avenue LLC, It's Him LLC, Michael J. McGrail, Robert S. Barbero, Joseph J. Fontecchio, Ronald Anderson, John Doe "Franco," John Does 1–10, and John Doe Successor Entities 1–10 (collectively, "Defendants"), alleges as follows:

1.  **NATURE OF THE ACTION**

1. This is an action for unpaid minimum wages, spread-of-hours pay, statutory wage-notice damages, statutory wage-statement damages, liquidated damages, prejudgment interest, attorneys' fees, and costs under the Fair Labor Standards Act ("FLSA") and the New York Labor Law ("NYLL").

2. Plaintiff worked as a bartender and related hospitality worker for Defendants at one or more Manhattan bar locations, including Rebar in Chelsea and the 692 Tenth Avenue location that operated as Thirst and/or later Frankie's Pub.

1

3.      Plaintiff alleges that Defendants failed to pay him lawful wages for all hours worked, failed to pay spread-of-hours compensation failed to provide the hiring notice required by NYLL § 195(1), and failed to provide compliant wage statements required by NYLL § 195(3).

4.      Plaintiff brings this action on behalf of himself and similarly situated employees under the FLSA and seeks Rule 23 relief for similarly situated employees under the NYLL.

## 2.  <u>**JURISDICTION AND VENUE**</u>

5.      This Court has subject-matter jurisdiction over Plaintiff's FLSA claims pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b).

6.      This Court has supplemental jurisdiction over Plaintiff's NYLL claims pursuant to 28 U.S.C. § 1367 because those claims form part of the same case or controversy as Plaintiff's federal claims.

7.      Venue is proper in this District pursuant to 28 U.S.C. § 1391 because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District and Defendants operated and/or controlled the subject businesses in this District.

8.      At all relevant times, Defendants were employers and/or persons acting directly or indirectly in the interest of employers in relation to employees within the meaning of the FLSA and NYLL.

## 3.  <u>**PARTIES**</u>

9.      Plaintiff Michael Rios is an adult individual who, at all relevant times, was employed by Defendants in New York County, New York, as a bartender and related hospitality worker.

10.     Defendant 223 West Corp. is, upon information and belief, a New York domestic business corporation that operated, owned, controlled, managed, and/or maintained Rebar at 223–225 West 19th Street, New York, New York 10011.

11.     Defendant 692 10th Avenue LLC is, upon information and belief, a New York domestic limited liability company that owned, operated, controlled, managed, and/or maintained the bar premises located at 692 Tenth Avenue, New York, New York 10019, including during the period when the premises operated as Thirst and/or Frankie's Pub.

12.     Defendant It's Him LLC is, upon information and belief, a New York domestic limited liability company that sought to operate and/or operated the same 692 Tenth Avenue bar premises after Frankie's Pub, and, upon information and belief, it is liable as a successor to one or more predecessor wage debtors associated with that premises.

13.     Defendant Michael J. McGrail is an individual who, upon information and belief, was an owner, principal, officer, manager, liquor-license principal, and/or corporate control person of one or more of the corporate Defendants and exercised operational control over hiring, firing, scheduling, payroll, and other material terms and conditions of Plaintiff's employment.

14.     Defendant Robert S. Barbero is an individual who, upon information and belief, was an owner, principal, shareholder, liquor-license principal, and/or corporate control person of one or more of the corporate Defendants and exercised operational control over hiring, firing, scheduling, payroll, and other material terms and conditions of Plaintiff's employment.

15.     Defendant Joseph J. Fontecchio is an individual who, upon information and belief, was a principal, owner, member, shareholder, liquor-license principal, and/or person associated with one or more of the corporate Defendants and exercised, or had authority to exercise, operational control over employees and pay practices.

16.     Defendant Ronald Anderson is an individual who, upon information and belief, acted as an owner, part owner, accountant, manager, and/or payroll decision-maker for one or more of the corporate Defendants and exercised authority to hire and fire employees, set pay, set schedules, issue work directions, and otherwise control material terms of employment.

17.    Defendant John Doe "Franco" is the individual known to Plaintiff as Franco, who hired Plaintiff and who exercised supervisory and managerial authority over him.

18.    Defendants John Does 1–10 are natural persons whose identities are presently unknown, including additional owners, officers, members, managers, payroll decision-makers, and supervisors who exercised control over Plaintiff's employment and/or the wage practices challenged herein.

19.    Defendants John Doe Successor Entities 1–10 are business entities whose identities are presently unknown and which, upon information and belief, succeeded to leasehold interests, operations, assets, goodwill, liquor-license rights, permits, trade names, workforce, and/or customer base associated with one or both of the subject bar locations and may be liable as successors for the wage obligations alleged herein.

20.    At all relevant times, Defendants jointly employed Plaintiff, acted as a single integrated enterprise and/or joint employers, shared control over labor relations and wage practices, and were responsible, directly and indirectly, for the unlawful acts alleged herein.

## 4. **FLSA ENTERPRISE COVERAGE**

21.    At all relevant times, Defendants were, and continue to be, an enterprise engaged in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. §§ 203(r) and 203(s).

22.    Defendants operated bars, taverns, and related hospitality businesses in Manhattan, sold alcoholic beverages and other goods to the public, purchased and handled goods and materials that moved in interstate commerce, and regularly used instrumentalities of interstate commerce, including credit-card processing, telephones, email, banking systems, point-of-sale systems, and supplies originating outside New York.

23.    Rebar was operated as a late-night Manhattan bar/tavern, was open from approximately 4:00 p.m. to 4:00 a.m. seven days per week, with approximately 192-person occupancy, 18 tables, 70 seats, and two stand-up bars.

24.    Upon information and belief, Defendants' annual gross volume of sales made or business done was not less than $500,000.

25.    Plaintiff was personally engaged in commerce and/or in the handling, selling, or otherwise working on goods or materials that had moved in or been produced for commerce.

## 5.  COLLECTIVE ACTION ALLEGATIONS

26.    Pursuant to 29 U.S.C. § 216(b), Plaintiff brings his FLSA claims on behalf of himself and all other similarly situated non-exempt employees who worked for Defendants during the applicable limitations period and who were subjected to common unlawful wage practices, including nonpayment of lawful minimum wages and deficient pay notices and records.

27.    Upon information and belief, Defendants maintained centralized and substantially similar wage, payroll, scheduling, and recordkeeping practices across their operations, including policies and practices of failing to pay all lawful straight-time wages, failing to provide required hiring notices and wage statements, and failing to maintain accurate time and pay records.

28.    The similarly situated employees are readily identifiable from Defendants' payroll, scheduling, personnel, and other business records and are known or can be located through reasonable means.

## 6.  CLASS ACTION ALLEGATIONS

29.    Plaintiff brings his NYLL claims pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of a class of similarly situated non-exempt employees employed by Defendants in New York during the applicable limitations period.

30. The members of the proposed class are so numerous that joinder of all members is impracticable.

31. There are questions of law and fact common to the proposed class that predominate over any questions affecting only individual members, including whether Defendants failed to pay lawful minimum wages, failed to pay spread-of-hours compensation, failed to provide compliant wage notices, and failed to provide compliant wage statements.

32. Plaintiff's claims are typical of those of the proposed class because they arise from the same unlawful pay practices and course of conduct by Defendants.

33. Plaintiff will fairly and adequately protect the interests of the proposed class and has retained counsel experienced in wage-and-hour litigation.

34. A class action is superior to other available methods for the fair and efficient adjudication of this controversy because the class members' claims are relatively modest as compared to the expense and burden of individual litigation.

## 7. **FACTUAL ALLEGATIONS**

35. Defendants owned, operated, controlled, and/or managed hospitality establishments in Manhattan, including Rebar at 223–225 West 19th Street and the bar premises at 692 Tenth Avenue.

36. Defendant Robert S. Barbero was the owner of Defendant 223 West Corp. d/b/a Rebar at 223 West 19th Street.

37. Defendant Michael McGrail was manager of Defendant 223 West Corp. d/b/a Rebar at 223 West 19th Street.

38. Defendant Michael McGrail was or is the Defendant 223 West Corp's principal and/or chief executive associated with the West 19th Street premises and identify.

39.     Business and corporate records identify 692 10th Avenue LLC as an active New York limited liability company associated with 692 Tenth Avenue and link that address to same-address business activity including Thirst.

40.     The 692 Tenth Avenue premises later operated as Frankie's Pub and, after that, were the subject of a subsequent application by It's Him LLC to operate a bar at the same location, supporting a successor-liability theory to the extent there was a continuation of substantially the same business.

41.     Plaintiff was hired on or about November 2022 and worked through approximately April 20, 2024.

42.     During his employment, Plaintiff worked at one or more of Defendants' locations, including Rebar and the 692 Tenth Avenue location.

43.     When operations changed at one location, Plaintiff was moved, shifted, and/or directed to continue working at another location under the same or overlapping ownership and management.

44.     Plaintiff's primary title was bartender. His duties included customer service, preparing and serving drinks, opening and closing tasks, maintaining the bar area, cleaning, stocking, and performing other non-managerial duties customary to a bartender and bar worker.

45.     Plaintiff was hired by Franco. Plaintiff's schedules and hours were directed by management, including Defendants McGrail, Barbero, and Anderson.

46.     Plaintiff regularly received work directions from Defendants' owners, managers, and supervisory personnel, who retained authority to hire and fire employees, set schedules, assign work locations, determine pay practices, and otherwise control the manner and means of Plaintiff's work.

47.     Defendants' ownership and management of liquor-licensed bar businesses was not passive. In the hospitality industry, the persons disclosed as principals, owners, managers, and

associated persons in liquor-license, community-board, and related public filings typically possess authority over the establishment's staffing, schedules, payroll, and method of operation. Here, those records corroborate that McGrail, Barbero, Anderson, and Franco exercised such operational control. The liquor-license status is one circumstance among several showing employer status under the economic-realities test.

48.     From approximately November 2022 through approximately October 2023, Plaintiff worked about three days per week and approximately twenty-eight to twenty-nine hours per week.

49.     On approximately two days per week during that period, Plaintiff's spread of hours exceeded ten hours.

50.     From approximately December 31, 2023 through approximately early March 2024, Plaintiff worked approximately three days per week and approximately twenty to twenty-five hours per week. On approximately one day per week during that period, his spread of hours exceeded ten hours.

51.     From approximately early March 2024 through approximately April 20, 2024, Plaintiff worked approximately one to two days per week and approximately five to fifteen hours per week.

52.     Throughout his employment, Defendants failed to pay Plaintiff lawful wages for all hours worked. Plaintiff was, to his knowledge, never paid his required minimum wages and instead received only tips in cash, except that he may have received at most one sporadic payment.

53.     Defendants did not provide Plaintiff with a written notice at hiring, in English and in his primary language if applicable, accurately stating his rate or rates of pay, regular payday, claimed allowances, employer identity, or other required information.

54.    Defendants did not furnish Plaintiff with accurate wage statements with each payment of wages reflecting, among other things, the dates of work covered, hours worked, rates of pay, gross wages, deductions, allowances, net wages, and employer information.

55.    Defendants did not provide Plaintiff with the notices and information required to claim any lawful tip credit. Accordingly, Defendants were not entitled to satisfy any portion of their minimum-wage obligations through tips received by Plaintiff.

56.    Defendants did not maintain accurate records of all hours Plaintiff worked or all wages paid to him, or, if such records were maintained, they failed to furnish Plaintiff with the disclosures required by law.

57.    Defendants failed to pay Plaintiff an additional hour of pay at the basic minimum hourly rate on days in which his spread of hours exceeded ten hours, as required by New York law.

58.    Because Defendants failed to provide Plaintiff with lawful wage notices, Plaintiff did not receive the information the NYLL required him to have at hiring, including what hourly rate Defendants claimed they would pay him, whether Defendants intended to take a tip credit, what payday applied, and which entity or entities were responsible for payroll.

59.    Because Defendants failed to provide compliant wage statements, Plaintiff was deprived of contemporaneous pay records showing what wages, if any, Defendants were crediting to him, what hours Defendants claimed he worked, whether any spread-of-hours pay was included, and whether Defendants were taking any credits or offsets against his wages.

60.    As a result of those informational failures, Plaintiff could not promptly monitor Defendants' pay practices using Defendants' own disclosures, could not timely compare his hours against pay-period records, and was later forced to reconstruct his hours and wage claims from memory and informal sources rather than from the records Defendants were required to provide.

9

61.     Defendants acted knowingly, willfully, and/or with reckless disregard of the FLSA and NYLL. The violations complained of herein were not made in good faith and were undertaken without reasonable grounds for believing that Defendants' conduct complied with the law.

62.     Upon information and belief, Defendants, their related entities, and/or their successors shared or transferred management, operations, leasehold interests, assets, goodwill, trade names, fixtures, customer base, and/or workforce across the subject locations in a manner that supports successor liability where appropriate.

## 8. CAUSES OF ACTION

### 8.1. Failure to Pay Minimum Wages Under the FLSA

63.     Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

64.     At all relevant times, Plaintiff was a non-exempt employee within the meaning of the FLSA.

65.     Defendants were employers within the meaning of 29 U.S.C. § 203(d) and were an enterprise engaged in commerce within the meaning of 29 U.S.C. §§ 203(r) and 203(s).

66.     Defendants failed to pay Plaintiff at least the federal minimum wage for all hours worked.

67.     Defendants also failed to satisfy the conditions necessary to claim any lawful tip credit against their federal minimum-wage obligations.

68.     By reason of the foregoing, Defendants violated 29 U.S.C. §§ 206 and 215(a)(2), and are liable to Plaintiff and similarly situated employees for unpaid minimum wages, liquidated damages, attorneys' fees, costs, and such other relief as the law permits.

### 8.2. Failure to Pay Minimum Wages Under the NYLL

69.     Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

10

70.    At all relevant times, Plaintiff was a non-exempt employee within the meaning of the NYLL and the New York State Department of Labor's wage orders.

71.    Defendants failed to pay Plaintiff at least the applicable New York minimum wage for all hours worked.

72.    Defendants likewise failed to satisfy the conditions necessary to claim any lawful tip credit under New York law.

73.    By reason of the foregoing, Defendants violated the NYLL, including NYLL §§ 652 and 663 and the applicable wage orders, and are liable to Plaintiff and the Rule 23 class for unpaid wages, liquidated damages, prejudgment interest, attorneys' fees, costs, and such other relief as the law permits.

### 8.3. Failure to Pay Spread-of-Hours Compensation Under the NYLL

74.    Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

75.    On multiple workdays, Plaintiff's spread of hours exceeded ten hours.

76.    Defendants failed to pay Plaintiff an additional hour at the applicable basic minimum hourly rate for such days.

77.    By reason of the foregoing, Defendants violated the NYLL and the applicable hospitality wage-order regulations and are liable for spread-of-hours compensation, liquidated damages, prejudgment interest, attorneys' fees, costs, and such other relief as the law permits.

### 8.4. Failure to Provide Wage Notice Under NYLL § 195(1)

78.    Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

79.    At the time of hiring and thereafter, Defendants failed to furnish Plaintiff with the wage notice required by NYLL § 195(1).

80.    Defendants' failure to provide a compliant wage notice caused Plaintiff concrete informational and practical injury because it deprived him of the information necessary to know the

rate or rates Defendants claimed to pay, whether Defendants purported to take a tip credit, the regular payday, and the identity of the payroll employer or employers.

81.     As a result, Plaintiff could not use Defendants' own disclosures to monitor his pay for compliance, promptly identify underpayments, or determine whether Defendants were claiming lawful allowances or credits.

82.     By reason of the foregoing, Defendants violated NYLL § 195(1) and are liable for statutory damages pursuant to NYLL § 198(1-b), together with attorneys' fees, costs, and such other relief as the law permits.

### 8.5.  Failure to Provide Wage Statements Under NYLL § 195(3)

83.     Plaintiff repeats and realleges the foregoing paragraphs as if fully set forth herein.

84.     With each payment of wages, Defendants failed to furnish Plaintiff with accurate wage statements containing the information required by NYLL § 195(3).

85.     Defendants' failure to provide compliant wage statements caused Plaintiff concrete informational and practical injury because he was deprived of the contemporaneous pay records needed to determine what hours Defendants recorded, what wages Defendants claimed to pay, whether spread-of-hours compensation or any credits were included, and whether Defendants were accurately accounting for his work at the time the pay periods occurred.

86.     In the absence of lawful wage statements, Plaintiff could not verify the accuracy of Defendants' pay practices as pay periods occurred and instead was forced to reconstruct his wages and hours after the fact.

87.     By reason of the foregoing, Defendants violated NYLL § 195(3) and are liable for statutory damages pursuant to NYLL § 198(1-d), together with attorneys' fees, costs, and such other relief as the law permits.

### 9.  PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court enter judgment against Defendants and grant the following relief:

A.      Certifying this action as an FLSA collective action and authorizing notice to the collective;

B.      Certifying this action as a Rule 23 class action with respect to Plaintiff's NYLL claims;

C.      Entering judgment in favor of Plaintiff and the putative collective and class against all Defendants, jointly and severally, including on any applicable successor-liability theory;

D.      Awarding unpaid minimum wages under the FLSA and NYLL;

E.      Awarding unpaid spread-of-hours compensation under the NYLL;

F.      Awarding statutory damages for Defendants' violations of NYLL §§ 195(1) and 195(3);

G.      Awarding liquidated damages under the FLSA and NYLL;

H.      Awarding prejudgment and post-judgment interest as permitted by law;

I.      Awarding reasonable attorneys' fees and costs; and

J.      Granting such other and further relief as the Court deems just and proper.

## 10. **JURY DEMAND**

Plaintiff demands a trial by jury on all issues so triable.

Dated: April 16, 2026                              Respectfully submitted,

*/s/ Clifford Tucker*
Clifford Tucker, Esq.

13

## CONSENT TO JOIN ACTION

## REQUEST TO BECOME A PARTY-PLAINTIFF

I hereby consent to be a party plaintiff in an action to recover unpaid wages, including but not limited to minimum wages, overtime, spread of hours, gratuities, statutory and liquidated damages, attorney's fees, costs, interest, and other sums owing to me and other similarly situated employees under the federal Fair Labor Standards Act, New York Labor Law, and implementing regulations and wage orders.

I hereby authorize Sacco & Fillas LLP to pursue any claims I may have, including such litigation as may be necessary, and I hereby consent, agree, and option to become a plaintiff herein and to be bound by any settlement of this action or adjudication by the Court.

Translation / Traducción:

Por la presente, doy mi consentimiento para ser parte demandante en una acción para recuperar salarios no pagados, incluidos, entre otros, salarios mínimos, horas extras, horarios extendidos, gratificaciones, daños legales y liquidados, honorarios de abogados, costos, intereses y otras sumas que se me adeudan. y otros empleados en situaciones similares bajo la Ley Federal de Normas Laborales Justas, la Ley Laboral de Nueva York y las reglamentaciones de implementación y órdenes salariales.

Por la presente, autorizo a Sacco & Fillas LLP a presentar cualquier reclamo que pueda tener, incluido el litigio que sea necesario, y por la presente consiento, acepto y tengo la opción de convertirme en demandante en este documento y estar obligado por cualquier acuerdo de esta acción o adjudicación por La corte.

Name/Nombre: __Michael Raymond Rios__

Legal Representative:
Sacco & Fillas LLP
3119 Newtown Ave, Seventh Floor
Astoria, NY 11102

Signature/Firma: __Michael Raymond Rios (Jun 14, 2024 16:48 EDT)__   Date/Fecha: __6/14/2024__